UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW L. MONREAL,<br><br>  Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>  Defendant. | Case No. EDCV 06-0152 (RNB)<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

First, for the reasons stated by the Commissioner at pages 5-9 of the Joint Stipulation, the Court rejects plaintiff's contention that reversal is warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to properly consider Dr. Eby's November 26, 2002 and August 11, 2003 mental health assessments. The ALJ's decision evidences that he did consider plaintiff's mental health treatment

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1 records, including Dr. Eby's November 26, 2002 and August 11, 2003 mental health
2 assessments. Further, as the Commissioner points out, Dr. Eby opined on both
3 occasions that plaintiff did not presently suffer from a grave disability. (See AR 226,
4 228). Thus, Dr. Eby's opinion was not inconsistent with the opinions of the other
5 physicians of record, including Dr. Lyster. See Matthews v. Shalala, 10 F.3d 678, 680
6 (9th Cir. 1993) (holding that claimant had failed to meet his burden of proving that he
7 suffered from a disabling impairment where "none of the doctors who examined [him]
8 expressed the opinion that he was totally disabled").

9  Second, the Court rejects plaintiff's contention that reversal is warranted
10 because the ALJ failed to pose a complete hypothetical to the vocational expert.
11 Hypothetical questions posed to a vocational expert need not include all alleged
12 limitations, but rather only those limitations substantiated by the evidence of record
13 which the ALJ finds to exist. See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1164-65
14 (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989);
15 Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d
16 771, 773-74 (9th Cir. 1986). Here, the first hypothetical posed by the ALJ comported
17 with the ALJ's assessment of plaintiff's residual functional capacity. (Compare AR
18 14 with AR 259).

19  IT THEREFORE IS ORDERED that Judgment be entered affirming the
20 decision of the Commissioner of Social Security, and dismissing this action with
21 prejudice.

23 DATED:  October 23, 2006

/s/
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE